No. **A-CV-55-90**
# Supreme Court of the Navajo Nation

**Leon Secatero, Joe Werito and Joe D. Sandoval, Appellants,**
v.
**Paul D. Redhouse, Chairman; and Members,**
**Navajo Board of Election Supervisors, Appellees.**
**Decided December 5, 1990**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Casey Watchman, Esq., Crownpoint, Navajo Nation (New Mexico), for the Appellants; and Claudeen B. Arthur, Esq., Office of the Legislative Counsel, Window Rock, Navajo Nation (Arizona), for the Appellees.

Opinion delivered by AUSTIN, Associate Justice.

The issue in this case is whether the appellants have filed a timely appeal of a final decision of the Navajo Board of Election Supervisors. The appeal is late, therefore, we dismiss the appeal for lack of jurisdiction.

### I

The appellants are the elected officials of the Canoncito Chapter. On August 29, 1990, a petition seeking to recall the appellants was filed with the Election Administration Office. The Election Administration Office examined the signatures and verified that the petition contained sufficient signatures. The Election Administration Office then certified the petition as sufficient to the Navajo Board of Election Supervisors (Board) pursuant to 11 N.T.C. § 242 B (1990).

The Election Administration Office received a letter from the appellants on October 22, 1990, challenging the recall petition. On October 29, 1990, the Board found the challenge insufficient. The Board's written decision finding the challenge insufficient was filed on October 31, 1990.

The appellants filed this appeal on November 14, 1990. The appellants state that their appeal is from the Board decision filed on October 31, 1990.

### II

The Navajo Election Code (Title Eleven) governs all appeals of decisions filed by the Navajo Board of Election supervisors. The statute which controls this appeal is 11 N.T.C. § 243 G (1990). It provides as follows:

G. The hearing decision shall be certified to the party or parties initiating the challenge and the committee within ten (10) days of the hearing. Appeal may be made by either the committee or the party or parties initiating the challenge to the Navajo Nation Supreme Court within ten (10) days of the date of decision. A transcript of the hearing shall be filed within thirty (30) days of the filing of Notice of Appeal. The Supreme Court shall review the appeal no later than thirty (30) days from the date of filing of the transcript. Review by the Supreme Court shall be limited to: (1) the sufficiency of the recall petition, exclusive of the ground or grounds of the petition; and (2) whether or not the decision of the Board is supported by sufficient evidence.

This statute grants this Court jurisdiction to review a final decision of the Board concerning a recall action. Section 243 G requires that the appeal must be filed "within ten (10) days of the date of [the] decision" of the Board.

The record here shows that the Board entered its decision on the challenge on October 31, 1990. For this appeal to be timely, and thus, for this Court to have jurisdiction over the appellants' appeal, the appeal must have been filed no later than November 13, 1990. This takes into consideration the weekend and a court holiday. The appeal is late by one day.

We find that the appeal is untimely. We dismiss the appeal for lack of jurisdiction.